## ROBINSON v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Case No. GC-G-86-1193

Tenth Judicial Circuit, Polk County

April 21, 1987

**APPEARANCES OF COUNSEL**

**W. James Kelly** for plaintiff.

**J. Michael McCarthy** for defendant.

## OPINION OF THE COURT

J. TIM STRICKLAND, Circuit Judge.

THIS MATTER came before the Court upon Plaintiffs' Petition for Attorney's Fees. Plaintiffs were injured when the motorcycle upon which they were riding struck a large log laying in the roadway. Contending that the log had fallen from a presumed uninsured motorist's vehicle, Plaintiffs sued Defendant, their uninsured motorist insurer, for their damages. In Plaintiffs' and Defendant's Pretrial Statement, the parties framed the disputed issue as:

> State Farm policies state: "We will pay damages for bodily injury. . . . The bodily injury must be caused by accident arising out of the operation . . . of an uninsured motor vehicle." . . . State Farm denies coverage exists because it asserts no other motor vehicle was involved in causing the [Plaintiffs'] injuries.

Despite Defendant's assertions to the contrary, a jury concluded that the log had indeed fallen from an uninsured motorist's vehicle, thereby rendering UM coverage applicable. Citing Florida Statutes, Section 627.428(1) (1985), Plaintiffs thereupon petitioned this Court for an award of reasonable attorney's fees. Section 627.428(1) states in pertinent part:

> Upon the . . . judgment by any of the courts of this state against an insurer and in favor of [the] insured . . ., the trial court . . . shall adjudge . . . against the insurer and in favor of the insured . . . a reasonable sum as fees . . . for the insured's . . . attorney prosecuting the suit in which recovery is had.

Defendant counters with Florida Statutes, Section 627.724(8) (1985), which states in pertinent part:

> The provisions of s. 627.428 [above] do not apply to any action brought . . . against the uninsured motorist insurer unless there is a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident.

Defendant argues that this dispute was not concerning "whether the policy provides [UM] coverage", which Defendant readily admits it does, but rather was about the involvement of an uninsured motorist at all.

The purpose behind Section 627.428(1) was to dissuade insurance companies from denying UM coverage in bad faith. The statute was not intended to penalize insurers who refused coverage reasonably believing the insured had invented involvement of another vehicle solely to invoke UM coverage. When there is no reasonable evidence

other than the uncorroborated statement of the insured that his injuries were caused by an uninsured motorist, the insurer litigates in good faith and the award of attorney's fees is inappropriate. However, when there is sufficient corroborative evidence to lead a reasonable person to conclude the involvement of another vehicle, the insurer's actions cannot rise to this high level of good faith and the insurer litigates at peril of having attorneys fees adjudged against him. In the instant case, the presence of a log in the middle of an interstate highway constituted sufficient corroborative evidence as to the involvement of an uninsured motorist. Plaintiffs therefore are entitled to an award of attorney's fees under Section 627.428(1).

In determining the amount of attorney's fees Plaintiffs are entitled to, this Court follows the reasoning of *Aperm of Florida, Inc., Travelers Insurance Co. v. Trans-Coastal Maintenance Co.*, 505 So.2d 459 (Fla. 4th DCA Feb. 11, 1987), which states:

> The attorney here had contracted with the plaintiff . . . for a contingent fee. The trial court awarded attorney's fees . . . which had to have been reached by applying an hourly rate . . . to the time expended according to the attorney's log. [Plaintiff] contends it was error of the court not to take into consideration existence of the contingent fee contract. [Defendant] responds the amount of the fee, if it was to be awarded, was in the sound discretion of the court, and should stand. The controlling law for determining reasonable attorney's fees was stated by the Florida Supreme Court in *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985). [Defendant] questions the applicability here of the rule stated there, but there is no solid reason why the rule should not apply equally when the attorney's fees are authorized under an insurance statute as when the authority is a medical malpractice statute. In essence, *Rowe* adopts the federal lodestar process for determining reasonable attorney's fees. . . . What is particularly significant is the holding in *Rowe* respecting what it calls the contingency risk factor. While there is specific reference to personal injury cases, we see no reason why the same reasoning should not apply wherever a contingent fee contract exists if it is not unconscionable. . . . In no case should this court-awarded fee exceed the fee agreement reached by the attorney and his client.

In the instant case, applying *Rowe* and considering the actual contingency fee contract, along with evidence of the reasonable attorney fee, the Court finds and concludes the fee to be $20,000 plus costs in the amount of $1,575.90. The Court does, therefore,

ORDER AND ADJUDGE that the Petition for Attorney's Fees is

hereby GRANTED in the amount of $20,000 and costs are awarded in the amount of $1,575.90.

DONE AND ORDERED in Chambers in Bartow, Polk County, Florida, this 21st day of April, 1987.